UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERTO ARLEY RUIZ RIVERO,

      Petitioner,

    v.

WARDEN COLLIER COUNTY
SHERIFF, GARRETT RIPA, TODD
LYONS, SECRETARY
MARKWAYNE MULLIN, ACTING
U.S. A.G. TODD BLANCHE,

      Respondents.

_____/

Case No. 2:26-cv-1710-KCD-NPM

## **ORDER**

Petitioner Roberto Arley Ruiz Rivero is a citizen of Cuba. He was apprehended while entering the United States at the southern border in 2023, and an immigration officer denied his admission. (Doc. 7-1 at 1-4.) He was then released on parole and lived freely under supervision in the United States. Earlier this year, he was placed in immigration custody. He has filed a habeas corpus petition challenging his continued detention. (Doc. 1.) The Government opposes the petition. (Doc. 7.)

Based on recent Eleventh Circuit precedent, this Court has concluded that aliens who are stopped at the border and released into the country, like Rivero, fall under 8 U.S.C. § 1226. *See Garcia v. Warden, S. Fla. Det. Facility*, No. 2:26-cv-1143-KCD-NPM, 2026 WL 1345914 (11th Cir. May 14, 2026).

Section "1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Rivero falls into the latter category since he is not seeking lawful entry. *See Garcia*, 2026 WL 1345914, at *3. So, the "[f]ederal regulations provide that [he] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

Rivero seems to request his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Rivero is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Rivero with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Rivero also seeks relief under the Fifth Amendment, or any other theory, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025

2

WL 2609425, at \*8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Rivero with a bond hearing as ordered or he remains in custody, he can renew these other claims in a subsequent suit.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on June 11, 2026.

Kyle C. Dudek
United States District Judge

3